**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────

**NATIONSTAR MORTGAGE LLC**

               **Plaintiff,**

     v.                                   **5:16-CV-280
(FJS/TWD)**

**JOHN J. LAFFREY, KATHRYN A.
LAFFREY, and AMALGAMATED BANK,**

               **Defendants.**

───────────────────────────────────────────

**APPEARANCES**                                **OF COUNSEL**

**GROSS POLOWY LLC**               **AMY E. POLOWY, ESQ.**
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Attorneys for Plaintiff

**JOHN J. LAFFREY**                   **NO APPEARANCE**
Defendant

**KATHRYN A. LAFFREY**            **NO APPEARANCE**
Defendant

**SHAPIRO, DICARO & BARAK, LLC**     **ELLIS M. OSTER, ESQ.**
175 Mile Crossing Boulevard
Rochester, New York 14624
Attorneys for Defendant Amalgamated
Bank

**SCULLIN, Senior Judge**

## ORDER AND JUDGMENT OF FORECLOSURE AND SALE

### I. INTRODUCTION

    On August 23, 2005, Defendant John J. Laffrey signed a Note for the purchase of a home

located at 8453 Transit Lane, Baldwinsville, New York. *See* Dkt. No. 14-2 at 6. He promised to

pay $104,500, plus interest, to the order of Quicken Loans, Inc., the lender. *See id.* He would pay this amount by means of monthly payments of $555.16 for the first 120 months of the Note, followed by monthly payments of $788.88 thereafter. *See id.* Additionally, he agreed to make his monthly payments on the first day of each month beginning with October 1, 2005. *See id.* On the same date, Defendant John J. Laffrey and his wife, Defendant Kathryn A. Laffrey, signed a Mortgage with Quicken Loans, pledging the property as security for the Note and promising to pay the debt in full by September 1, 2035. *See id.* at 11. The mortgage was recorded on September 1, 2005. *See* Dkt. No. 14-1 at 8.

Approximately ten years later, beginning on August 1, 2015, Defendant John J. Laffrey and Defendant Kathryn A. Laffrey failed to make their monthly payment, as well as all monthly payments thereafter. *See id.* Quicken Loans, Inc. assigned the mortgage to Plaintiff two months later, on October 13, 2015. *See* Dkt. No. 14-2 at 33.

Plaintiff contends that Defendants John J. Laffrey and Kathryn A. Laffrey owe damages in the amount of $125,735.55. *See* Dkt. No. 14-7 at 2. The amount includes "late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." *See* Dkt. No. 14-1 at 9. According to the terms of the Mortgage, Plaintiff can require that Defendants John J. Laffrey and Kathryn A. Laffrey "pay immediately the entire amount then remaining unpaid under the Note" if they fail to keep the promises and agreements in the Note and Mortgage. *See* Dkt. No. 14-2 at ¶ 22. Furthermore, the Mortgage provides that any requirement of payment in full permits Plaintiff to "bring a lawsuit to take away all of the defendants' remaining rights in the Property and have the Property sold." *See id.*

On March 8, 2016, Plaintiff commenced this action by filing a complaint against Defendants John J. Laffrey, Kathryn A. Laffrey, and Amalgamated Bank.[1] *See* Dkt. No. 14-1. Plaintiff also filed a Notice of Lis Pendens in this Court on March 28, 2016. *See* Dkt. No. 7. Plaintiff properly served the complaint on each of the three Defendants. On April 5, 2016, Ellis M. Oster, Esq. filed a Notice of Appearance on behalf of Defendant Amalgamated Bank. *See* Dkt. No. 14-3 at 9. However, none of the Defendants filed an answer to Plaintiff's complaint. Consequently, Plaintiff requested an entry of default against Defendants on April 21, 2016, which the Clerk of the Court entered on April 26, 2016. *See* Dkt. Nos. 10-11.

Pending before the Court is Plaintiff's motion for entry of a default judgment against Defendants John J. Laffrey and Kathryn A. Laffrey and for a judgment of foreclosure and sale. *See* Dkt. Nos. 14, 14-8.

## II. DISCUSSION

**A.    Liability**

Upon entry of default, the court deems that the defendants have conceded all well-pled allegations of liability; however, the entry of default "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted); *see also United States v. LaBarge*, No. 8:15-CV-01330, 2016 WL 3926412, *2 (N.D.N.Y. July 18, 2016) (citations omitted). The plaintiff must establish the amount of damages "by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504

---

[1] Amalgamated Bank is named as a Defendant because it is "the holder of a mortgage encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage." *See* Dkt. No. 1, Complaint at ¶ 5.

F.2d 702, 707 (2d Cir. 1974) (citations omitted).

The Court concludes that Plaintiff has complied with the applicable rules for securing a default judgment in this Court and, accordingly, grants Plaintiff's motion for a default judgment on the issue of liability.

**B.      Damages**

"A 'sum certain' is a sum which is susceptible to reliable computation or determined by the court after an accounting." *Ins. Co. of N. Am. v. S/S "Hellenic Challenger,"* 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (citations omitted). When either a sum certain or a reasonably calculated sum is presented, "'a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.'" *LaBarge*, 2016 WL 3926412, at *2 (quoting *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citation omitted)). The plaintiff has the burden of proof to "'establish its entitlement to recovery.'" *Id.* (quotation omitted). The court may determine damages in one of two ways: (1) through the court's analysis of the documents that the plaintiff has provided or (2) through a hearing. *See id.* (holding that, "'[w]hile "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing"'" (quotation omitted)); *see also Galloo Ile-De-France v. Lancaster Int'l, LLC*, No. 1:14-cv-00629, 2015 WL 3646195, *2 (N.D.N.Y. June 10, 2015) (holding that "[t]he court may rely solely on 'detailed affidavits and documentary evidence' for purposes of evaluating the sum of damages" (citations omitted)).

In the present case, Plaintiff has provided sufficient documentary evidence from which the

Court can determine the amount of damages to which Plaintiff is entitled without the need for a hearing. Specifically, Plaintiff has provided (1) the Note, which Defendant John J. Laffrey signed; (2) the Mortgage, which Defendants John J. Laffrey and Kathryn A. Laffrey signed; (3) the Assignment of the Mortgage to Plaintiff; (4) an Affidavit from Plaintiff's Document Execution Specialist detailing the costs listed in the Statement of Damages; (5) an attorney's affirmation setting forth the hourly breakdown of the legal work, who performed that work, and the hourly rates charged; and (6) the Statement of Damages.

A breakdown of these damages is set forth below.

### 1. *Unpaid balance*

In its affidavit, Plaintiff sets forth the total amount due through April 1, 2016, in accordance with the Note and Mortgage. *See* Dkt. No. 14-6 at 2.

| | |
|---|---:|
| Principal unpaid balance | $103,794.35 |
| Interest (7/1/15 to 4/1/16 @ 6.375%) | 4,962.69 |
| Hazard Insurance Disbursements | 1,483.00 |
| Tax Disbursements | 11,021.93 |
| Mortgage Insurance Premiums | 133.58 |
| Property Inspections/Preservation | 215.00 |
| **TOTAL** | **$121,610.55** |

*See* Dkt. No. 14-2 at 6 ¶ 1; 6 ¶ 2; 14 ¶3(a)(1); 14 ¶ 3(a)(3)-(a)(4); 16 ¶ 5; 17 ¶ 7(a); 18 ¶ 10).

### 2. *Attorney's fees*

In an affidavit, Plaintiff's counsel detailed the amount Plaintiff is seeking in attorney's fees. *See* Dkt. No. 14-5 at 1-2. Although counsel stated that this $2,900.00 fee is a flat fee charged for the work, she nevertheless specified the legal work her law firm expended on Plaintiff's behalf in this case and the hourly fee for such work.

|  |  |  |
|---|---|---|
| Paralegal Time | 10.6 hours x $125/hour | $1,325.00 |
| Attorney Time | 7 hours x $225/hour | $1,575.00 |
| **TOTAL** |  | **$2,900.00** |

The time that counsel and the paralegals expended on this case included, but was not limited to, the following tasks: logging information, reviewing the title search, preparing and mailing various letters, preparing documents for judgment of foreclosure, and correspondence. *See* Dkt. No. 14-5 at 2-3.

### 3. Fees and disbursements

In the statement of damages, Plaintiff's counsel detailed the amount Plaintiff is seeking in fees and disbursements. *See* Dkt. No. 14-7 at 2.

|  |  |
|---|---|
| Fees for Civil Case Filing, including Administrative Fee | $400.00 |
| Costs for official searches | 275.00 |
| Serving copy of Summons and Complaint | 495.00 |
| Clerk's fee for filing Notice of Pendency | 35.00 |
| Postal cost | 20.00 |
| **TOTAL** | **$1,225.00** |

Having reviewed the documents that Plaintiff provided in support of its motion, the Court grants Plaintiff's motion for a default judgment against Defendants John J. Laffrey and Kathryn A. Laffrey in the amount of **$125,735.55** as set forth above.

### III. CONCLUSION

Accordingly, after reviewing the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for the entry of a default judgment against Defendants John

J. Laffrey and Kathryn A. Laffrey in the total amount of **$125,735.55** is **GRANTED**; and the Court further

**ORDERS** that Judgment of Foreclosure and Sale is hereby entered against Defendants John J. Laffrey and Kathryn A. Laffrey in the amount of **$121,610.55** with an unpaid principal balance of **$103,794.35** as of **April 1, 2016**, with contractual interest at the rate of **6.375%**, which results in a daily per diem rate of **$18.13** until entry of this Order and Judgment of Foreclosure and Sale and the statutory rate thereafter; and the Court further

**ORDERS** that the amount due Plaintiff on the Note is **$121,610.55**, together with interest as specified herein, and that the mortgaged property at **8453 Transit Lane, Baldwinsville, New York 13027 ("Property")** cannot be sold in parcels; and the Court further

**ORDERS** that the Property shall be sold pursuant to New York Real Property Actions and Procedures Law ("RPAPL") § 1351; a deed shall be issued in accordance with RPAPL § 1353(1); and the sale proceeds shall be distributed in accordance with RPAPL § 1354; and the Court further

**ORDERS** that the Property shall be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL § 231(1), at the **West Lobby, 2nd Floor of the Onondaga County Courthouse, 401 Montgomery Street, Syracuse, New York 13202**, on any day of the week the courthouse is open at a time selected by the Referee, by and under the direction of **Thomas Robertson, Esq.**, whose office is located at 333 East Onondaga Street, Suite 200, Syracuse, New York 13202, who is hereby appointed Referee to effectuate the sale of the Property within the time frame set forth in RPAPL § 1351; that said Referee set the date of sale and give public notice of the time and place of the sale of the Property in compliance with RPAPL

§ 231(2)(a) in *The Syracuse Post Standard*; and the Court further

**ORDERS** that the Property shall be sold in "as is" condition defined as the condition the premises are in as of the date of sale and continuing through the date of closing and that said sale shall be subject to the following:

> (a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;
>
> (b) Any state of facts that an accurate, currently dated survey might disclose;
>
> (c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the Property being foreclosed. There shall be no pro-rata adjustment in favor of the Purchaser for any rents that are paid for a period after the foreclosure sale; and
>
> (d) The right of redemption of the United States of America, if any;

and the Court further

**ORDERS** that, in accordance with RPAPL § 1353(1), Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; and the Court further

**ORDERS** that the Referee at the time of the sale may accept a written bid from Plaintiff or Plaintiff's attorneys just as though Plaintiff were physically present to submit said bid; and the Court further

**ORDERS** that the terms of the sale, to the extent they do not contradict this Order and Judgment of Foreclosure and Sale or violate any law, shall be binding in all respects on the Purchaser; and the Court further

**ORDERS** that, after the sale, the Referee shall deposit, in his name as Referee, the initial

bid deposit in **his IOLA or Separate Account**, in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and the Court further

**ORDERS** that, in accordance with RPAPL § 1351(1), upon payment of the purchase price, the Referee shall execute a deed to the Purchaser; and the Court further

**ORDERS** that, in accordance with RPAPL § 1354, upon payment of the purchase price, the Referee shall make the following payments or allowances from the sale proceeds to Plaintiff:

**First**, Payment pursuant to § 8003 of New York Civil Practice Law and Rules by the Referee of five hundred dollars ($500.00), which represents the statutory fees for his conducting the sale of the subject Property

**Second**, Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct, copies of which shall be annexed to the Referee's Report of Sale.

**Third**, Payment, in accordance with RPAPL § 1354(1), by the Referee to Plaintiff or its attorney for the following: (1) Amount due Plaintiff (2) Costs and Disbursements, and (3) Attorney fees, in the following amounts:

**Amount Due Plaintiff. $121,610.55** including interest through April 1, 2016, together with interest at the Note rate **(6.375%)** until the date of entry of this Order and Judgment of Foreclosure and Sale and, thereafter, at the statutory rate until the date of transfer of the Referee's Deed;

**Costs and Disbursements. $1,225.00** to Plaintiff for costs and

disbursements in this action with interest at the Judgment rate thereon from the date of entry of this Order and Judgment of Foreclosure and Sale;

**Attorney's Fees**. **$2,900.00** as reasonable attorney's fees, with legal interest from the date of entry of this Order and Judgment of Foreclosure and Sale;

**Fourth**, Payment, in accordance with RPAPL § 1354(2), of all taxes, assessments and water rates that are liens on the Property and redeem the Property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties that may lawfully have accrued thereon to the date of payment; and the Court further

**ORDERS** that Plaintiff may, after entry of this Order and Judgment of Foreclosure and Sale, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of this Order and Judgment of Foreclosure and Sale, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee shall be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Order and Judgment of Foreclosure and Sale, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and the Court further

**ORDERS** that, if Plaintiff is the purchaser at sale, the Referee shall not require Plaintiff to pay either a deposit or the bid amount, but shall execute and deliver to Plaintiff a Deed of the

premises sold upon payment of the statutory fees of $500.00 for conducting the sale of the Property. Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to Plaintiff as specified herein; and, if after applying the balance of the bid amount, there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds. In accordance with RPAPL § 1354(4), the Referee shall take receipts for the money so paid out by him and file the same with his report of sale and deposit the surplus funds, if any, with the Clerk of this Court in accordance with RPAPL § 1354(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Property as identified by Plaintiff at the time of the sale within **five (5) days** after same shall be received and ascertainable, to the credit of this action, to be withdrawn only upon order of this Court; that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made and file it with the Clerk of this Court within **thirty (30) days** of completing the sale and executing the proper conveyance to the Purchaser; and the Court further

**ORDERS** that transfer tax is not a lien on the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the Purchaser and not the Referee from sale proceeds. The Purchaser shall be responsible for the interest accruing on real property taxes after the date of the foreclosure sale; and the Court further

**ORDERS** that the Referee make a report of sale in accordance with RPAPL § 1355, showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it with the Clerk of this Court within **thirty (30) days** of completing the sale; and the Court further

-11-

**ORDERS** that the Purchaser or Purchasers at such sale shall be let into possession on producing the Referee's Deed; and the Court further

**ORDERS** that each and all of Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said Property and each and every part thereof; and the Court further

**ORDERS** that the liens of Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though Plaintiff was named a party Defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and the Court further

**ORDERS** that, by accepting this appointment, the Referee certifies that he is qualified for appointment in compliance with all applicable rules governing the qualification of court-appointed referees; and should the Referee be disqualified from appointment pursuant to the provisions of such rules, the Referee shall promptly notify the Appointing Judge. The appointee shall not receive any fee before filing said Referee's Report of Sale with the Court; and the Court further

**ORDERS** that, pursuant to CPLR § 8003(b), absent application to the Court, further Court order, and compliance with all applicable rules governing the qualifications of court-appointed referees, the Referee shall not demand, accept or receive more than the statutory amount of five hundred dollars ($500.00) otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and the Court further

**ORDERS** that the Notice of Sale must be submitted to this Court and the Office of the Onondaga County Clerk at least **ten (10) days** prior to the date of the foreclosure sale; and the Court

further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order and Judgment of Foreclosure and Sale with Notice of Entry upon the Referee appointed herein and any party entitled to service; and the Court further

**ORDERS** that this Court shall retain jurisdiction to construe and enforce this Order and Judgment of Foreclosure and Sale, including but not limited to an application to confirm the sale made pursuant thereto.

The legal description of the premises hereinbefore mentioned is annexed to this Order and Judgment of Foreclosure and Sale as Schedule "A."

**IT IS SO ORDERED.**

Dated: February 7, 2017
      Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Judge

**Schedule "A"**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Clay, County of Onondaga and State of New York, being part of Farm Lot No. 34 in said Town and more particularly bounded and described as follows:

BEING Lot No. 365 of "Kimbrook Tract, Section 5," according to a map made by Alfred N. Ianuzi, Jr., Licensed Land Surveyor and filed in the Onondaga County Clerk's Office on March 4, 1986, as Map No. 6403.